# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY OSBORNE ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | C.A.No. 04-73 JOHNSTOWN |
| ) | District Judge McLaughlin |
| SCI SOMERSET, et al. ) | Magistrate Judge Baxter |
|     Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant SCI-Somerset [Document # 15] be granted.

**II    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, Anthony Osborne, currently an inmate at the State Correctional Institution in Albion, Pennsylvania, filed this civil rights action on April 2, 2004. Named as Defendants are: the State Correctional Institution at Somerset and Dr. Lawrence Rentschler[1].

In his complaint, Plaintiff alleges that Dr. Rentschler diagnosed him as a diabetic and prescribed twice-daily injections of insulin from June 1, 2002 through February 3, 2003. Plaintiff complains that the insulin injections made him sick and that later he was told by another prison doctor that he was not and had never been a diabetic.

Defendant SCI-Somerset has filed a motion to dismiss. Document # 15. Despite being provided the opportunity to do so, Plaintiff has not filed an Opposition Brief.

---

[1] Defendant Rentschler has not been served with the complaint. By Order dated June 27, 2005, this Court directed that Plaintiff show cause for his failure to serve Defendant Rentschler before July 18, 2005. See Docket. To date, Plaintiff has not responded to the show cause order.

**B.     Standards of Review**

    **1.     *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

    **2.     Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the

plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C.     Eleventh Amendment

Plaintiff seeks damages from SCI-Somerset. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985); Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Commonwealth of Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). The only ways that a state or its agency may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).

SCI-Somerset is an institution owned and operated by the Pennsylvania Department of Corrections. 71 P.S. § 310-0. Thus, the Eleventh Amendment applies to this lawsuit. So, unless SCI- Somerset has consented to suit here or the Congress has expressly abrogated this institution's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the prison.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant SCI-Somerset [Document # 15] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: July 25, 2005