**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTHONY OSBORNE**           )<br>         **Plaintiff**                              )<br>                                                    )<br>**vs.**                                            )<br>                                                    )<br>**SCI SOMERSET, et al.,**            )<br>         **Defendants.**                       ) | **C.A.No. 04-73JOHNSTOWN**<br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I      RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Plaintiff's failure to prosecute.

**II     REPORT**

Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this civil rights action on April 2, 2004.

By Order of this Court dated June 27, 2005, Plaintiff was directed to show cause before July 18, 2005 for his failure to serve Defendant Rentschler. See Document # 19. To date, Plaintiff has not complied with this Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in

favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

   Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter against Defendant Rentschler.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case against Defendant Rentschler.  Further, Plaintiff has ignored a show cause order by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

## III CONCLUSION

   For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

   In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

               S/ Susan Paradise Baxter
               SUSAN PARADISE BAXTER
               Chief United States Magistrate Judge

Dated: July 25, 2005